IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KATRENA E. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:12-cv-613-MEF |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| *Commissioner, Social Security* | ) | |
| *Administration* | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, Katrena E. Davis, *pro se*, filed this action on July 16, 2012, challenging

the ruling of an Administrative Law Judge ("ALJ") denying her claim for supplemental

social security income.  (Doc. 1).  Now pending before the court is the Commissioner's

motion for summary judgment.  (Doc. 12).  The Commissioner asserts that the this action

should be dismissed because Davis has not exhausted her administrative remedies. Davis has

not responded to the Commissioner's motion.  Having considered the motion, the court

concludes that it is due to be granted.

**Discussion**

On January 7, 2010, Davis filed an application for supplemental social security

income under Title XVI of the Social Security Act.  (Doc. 12-1 p. 7).  Davis's application

was initially denied on April 23, 2010.  *Id*.  Thereafter, Davis requested and received an

administrative hearing before an administrative law judge ("ALJ").  *Id*.  Following the

hearing, on January 23, 2012, the ALJ denied Davis's claim.  (Doc. 12-1 pp. 4-13).  The ALJ

determined that Davis was not disabled because she did not have a severe impairment or

combination of impairments. (Doc. 12-1 pp. 10-13); *see* 20 C.F.R. § 416.920(a)(4)(ii) ("If

you do not have a severe medically determinable physical or mental impairment . . ., or a

combination of impairments that is severe . . . , we will find that you are not disabled."). The

ALJ provided Davis with a copy of his decision along with a notice explaining that she had

sixty (60) days to appeal his decision to the Appeals Council if she disagreed with the

decision. (Doc. 12-1 pp. 4-13). Davis did not appeal ALJ's decision to the Appeals Council.

(Doc. 12-1 p. 3; *see also* Doc. 1 ¶ 8). On July 16, 2012, Davis filed a complaint in this Court

challenging the denial of her application for social security benefits. (Doc. 1).

Judicial review of a claim arising under Title XVI of the Social Security Act is

provided for and limited by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). Section 405(g)

states in pertinent part:

> Any individual, after any *final decision* of the Commissioner of Social Security
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action
> commenced within sixty days after the mailing to him of notice of such
> decision or within such further time as the Commissioner of Social Security
> may allow. Such action shall be brought in the district court of the United
> States for the judicial district in which the plaintiff resides . . . .

(Emphasis added).

However, § 405(g) does not provide a definition of a "final decision of the

Commissioner," instead leaving it to the Social Security Administration to give meaning to

that term through regulations. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see* 42 U.S.C. §

405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Social Security regulations provide

that, if the Appeals Council grants a request to review a claim, then the Council's decision is the Commissioner's "final decision," and if the Council denies a request for review, then the ALJ's opinion becomes the "final decision." *See* 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) ("A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."); *Sims*, 530 U.S. at 107. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review . . . . In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims*, 530 U.S. at 107 (citations omitted).

Therefore, because Davis failed to exhaust her administrative remedies by requesting review by the Appeals Council, this action is due to be dismissed. *See Sims*, 530 at 107.

## CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the motion for summary judgment (Doc. 12) be **GRANTED** and that this case be **DISMISSED** without prejudice.

Further, it is

**ORDERED** that on or before January 4, 2013, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 21st day of December, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE